UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                      Plaintiff,                          Case Number 12-20841
                                                    Civil Case Number 16-12441
v.                                         Honorable David M. Lawson

VANTANEZ TROTTER,

                      Defendant.
_____/

**OPINION AND ORDER DENYING MOTION TO AMEND
JUDGMENT OF SENTENCE AND MOTION TO VACATE SENTENCE**

Believing that the Bureau of Prisons has not credited him for all the time he spent in pretrial detention to which he is entitled, defendant Vantanez Trotter brings the present motion to correct his judgement of sentence. It is not clear that Trotter is entitled to the credit he claims. What is clear, however, is that this Court cannot amend the judgment for the reasons Trotter has stated, and any request for relief under the proper statute must be brought in the district in which Trotter presently is confined. Therefore, the Court will deny Trotter's motion to amend the judgment of sentence.

Trotter also filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging that the Supreme Court's recent decision in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), somehow undermined his convictions for carjacking and brandishing a firearm during a crime of violence. Because the *Johnson* decision does not affect the validity of Trotter's convictions of those offenses, the Court will deny his section 2255 motion summarily.

I.

On April 2, 2014, defendant Vantanez Trotter pleaded guilty to carjacking, brandishing a firearm during a crime of violence, and possession of a controlled substance. He was sentenced on August 25, 2014 to a custody term for these offenses that totaled 155 months (71 months for carjacking, plus an 84-month consecutive sentence for the firearm offense). That sentence was to be served consecutively to the undischarged term of a state court sentence. Trotter was remanded to the custody of the United States Marshal for designation by the Bureau of Prisons (BOP) to a federal prison.

During the pretrial phase of the case, Trotter remained in custody. Initially, he was arrested on December 8, 2012 for carjacking, and was taken into federal custody on December 10, 2012. At the time of Trotter's arrest, he was on probation for state offenses. Approximately a year after he was in federal custody, Trotter was transferred into state custody in December 2013 on a writ of habeas corpus *ad prosecundum*. He was sentenced by a state court to prison for probation violations related to his state offenses. In state case number 12-005182, the state court sentenced Trotter to a combined sentence of 33 months to 10 years in the custody of the Michigan Department of Corrections (MDOC). In state case number 11-012786, Trotter was sentenced to a custody term of 9 months to 5 years. The sentences were to be served concurrently.

From the date of his arrest to the date of his state imposed sentences, Trotter was in federal custody for 366 days. But the state court also credited Trotter for certain time served against his state court sentences: he received 402 days of credit in state case 11-012786 and 419 days of credit in state case 12-005182. Because the sentences ran concurrently, presumably the 419 days subsumed the 402 days of credit. There is no indication in the state court or state prison records how

-2-

these credits were calculated, what the credits were for, or why there is a discrepancy between the calculations.

From the day of Mr. Trotter's state sentencing to the day this Court sentenced him, he was in federal custody for at least an additional 259 days. According to the records of the U.S. Marshal Service, Trotter remained in their custody for the entire time from December 10, 2012 through the date of his federal sentencing, for a total of approximately 623 days. It is not apparent from the record if those days were ever credited to his state sentence.

Trotter contends that during his federal plea colloquy, the Court discussed the fact that he was transferred to state custody on a writ, and that attention would be paid to calculating the time Trotter spent in federal custody so appropriate credit would be given. But Trotter maintains in his motion that he was short changed.

On September 23, 2015, Trotter submitted an "Inmate Request to Staff" to the BOP, explaining that there was a 20-month discrepancy in his projected release date. On September 24, 2015, the BOP responded explaining that Trotter was paroled from the MDOC on August 5, 2015 to the USMS, which is when his federal sentence date computation began. Trotter says that he contacted his case manager about the alleged error and was told to write to the courts. Trotter subsequently filed the present motion in this Court.

## II.

The crux of Trotter's motion is that he was in federal custody for approximately 20 months awaiting trial and sentencing, which he believes should be credited toward his federal sentence. He believes that calculating the commencement of his federal sentence to have begun on August 5, 2015

is not correct.  Trotter asks the Court to modify his judgment by adjusting the commencement of his sentence to reflect the time he served in federal custody.

The government argues that it is the BOP, and not the district court, who has the authority to grant credit for time served.  The government argues that the judgment in Trotter's case was prepared properly and does not require correction.

The government is correct.  The BOP has the exclusive right to calculate credit given toward service of an imposed term of imprisonment.  *United States v. Gibbs*, 626 F.3d 344, 349 (6th Cir. 2010).  The "term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  It is true that a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence. " 18 U.S.C. § 3585(b).  However, it is the Attorney General and the BOP, rather than the district court judge, that has the "power to determine such credit."  *Gibbs*, 626 F.3d at 349 (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)).

The sentencing court's authority to modify an imposed term of imprisonment is limited. "[T]he court may correct a sentence that resulted from arithmetical, technical, or other clear error," Fed. R. Crim. P 35(a), but that action must be taken "within 14 days after sentencing," *ibid.*  The time long has expired for taking action under Rule 35(a).

The Court also "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  However, under this rule, only "clerical errors" in a judgment are subject to correction.  A

-4-

clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (internal quotations omitted). Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself." *United States v. Coleman*, 229 F.3d 1154, 2000 WL 11824600, at *2 (6th Cir. Aug. 15, 2000) (unpublished) (internal quotations omitted). Although Federal Rule of Criminal Procedure 36 authorizes a court to amend a judgment to conform with its express sentencing intention, *United States v. Carr*, 421 F.3d 425, 433 (6th Cir. 2005); *United States v. Libby*, 79 F.3d 1149, 1996 WL 117499, at *2 (6th Cir. 1996) (unpublished) (amending sentence to conform with what had been discussed at the hearing on the defendant's supervised-release violation), it does not authorize "'the amendment of a sentencing order to conform with an *unexpressed* sentencing intention.'" *Carr*, 421 F.3d at 433 (quoting *Robinson*, 368 F.3d at 657 (emphasis in original)).

At the sentencing hearing, the Court did not express a date on which it intended Trotter's sentence to commence. The Court did state that Trotter should get credit for time served, and if there was some doubt about that credit, the defendant should have made a specific argument to the Court. And if an adjustment to the length of the sentence was necessary to address any discrepancy, the Court could have done so at the time of sentencing. *See* U.S.S.G. 5G1.3(b)(1) (stating that if the defendant is serving a sentence for another offense not committed before the instant offence, "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons"). Adjusting the sentence under that section of the Sentencing Guideline Manuel would amount to a substantive change in Trotter's sentence, well

beyond that allowed by Rule 36. *See Carr*, 421 F.3d at 432-33 (holding that "Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing") (citation omitted).

Finally, the Court has the authority to change a sentence when the sentence was based on a sentencing guideline that has been subsequently lowered pursuant to 28 U.S.C. 994(o). 18 U.S.C. 3582(c). That statute does not apply here.

Trotter's motion could be construed as a petition for a writ of habeas corpus under 28 U.S.C.§ 2241, because he essentially is requesting relief from the execution of a federal sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Under section 2241, "[a] district court may review the BOP's calculation, but may not compute sentencing credit in the first instance." *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) (citing *Jalili*, 925 F.2d at 893); *see also Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (Inmate's claim was "cognizable under 28 U.S.C. § 2241 as a challenge to the execution of a portion of his sentence.")'; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 546 (6th Cir. 2011) (finding the petitioner may be entitled to a sentence credit as alleged in his section 2241 petition).

However, in order to qualify for relief under 28 U.S.C. § 2241, petitioners are required to exhaust administrative remedies before filing a habeas corpus petition. *Luedtke*, 704 F.3d at 466 (citing *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)). There are several steps that are required to exhaust BOP administrative remedies. A prisoner should first attempt to resolve the issue informally. 28 C.F.R. § 542.13. It does appear that Trotter engaged in an informal resolution by submitting his "Inmate Request to Staff." The next step is to file an Administrative Remedy Request on the appropriate (BP-9) form within "20 calendar days following the date on

-6-

which the basis of for the Request occurred."  28 C.F.R. § 542.14(a).  An extension of time to file

the BP-9 form may be allowed if the inmate "demonstrates a valid reason for delay."  28 C.F.R. §

542.14(b).  If the inmate is not satisfied with the warden's response to the BP-9, the inmate may

submit an appeal on form "(BP-10) to the appropriate Regional Director within 20 calendar days of

the date the Warden signed the response.  An inmate who is not satisfied with the Regional

Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel

within 30 calendar days of the date the Regional Director signed the response."  28 C.F.R. § 542.15.

The record in this case does not demonstrate that Trotter exhausted all of these steps.

Additionally, "claims seeking to challenge the execution or manner in which the sentence

is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C.

§ 2241."  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Trotter is currently

incarcerated in the Hazelton United States Penitentiary in West Virginia.  If Trotter was ultimately

unsatisfied with his administrative remedies, he could file a claim under 28 U.S.C. § 2241 in the

District Court for the Northern District of West Virginia.

Trotter may have a cognizable habeas petition.  There initially appears to have been a

discrepancy in the credit for pretrial detention that the BOP allowed.  However, according to

communications received from the assigned assistant United States attorney, the BOP believes that

Trotter received credit in the state system by being paroled to the federal system a year early.  There

is nothing in the materials before the Court to show that actually occurred.  If the state gave Trotter

an early release based on time served between his state and federal sentences, then Trotter may have

been credited with all of the time he was due.

-7-

In the end, Trotter may receive the relief he seeks. The Court recently received communication from the assistant United States attorney that the BOP will be giving Trotter credit for an additional 363 days. Nonetheless, that relief must come from the BOP, not the Court. Therefore, the Court will deny Trotter's motion to correct his sentence.

III.

Trotter also recently filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that his conviction for brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c) is no longer valid in light of the Supreme Court's decision in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). The Supreme Court made *Johnson* retroactive to cases on collateral review. *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1268 (2016).

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeded the maximum penalty allowed by law, or "is otherwise subject to collateral attack." 28 U.S.C. § 2255. "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

After a motion under 28 U.S.C. § 2255 is filed, the Court must undertake a preliminary review of the motion to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b), Rules Governing § 2255 Cases. If, after preliminary consideration, the Court determines that the petitioner is not entitled to

relief, the Court may summarily dismiss the motion. *Campbell v. United States*, 977 F.2d 580 (6th Cir. 1992) ("Generally, a motion to vacate may be summarily denied pursuant to Rule 4(b), Rules Governing § 2255 Proceedings, if it appears from the motion that petitioner is not entitled to relief.") (citing *United States v. Sanders*, 723 F.2d 34, 35-36 (8th Cir. 1983)). No response to the motion is necessary if the motion is frivolous, obviously lacks merit, or if the necessary facts can be determined from the motion itself without considering a response from the government. *See Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983) ("A hearing is unnecessary where . . . the motion, files and records conclusively show that the prisoner is not entitled to relief.").

It is difficult to discern the exact nature of Trotter's challenge to his conviction and sentence, because he did not include a brief in support of his motion and did not assert any grounds for granting it other than citing the *Johnson* and *Welch* decisions. In *Johnson*, the Supreme Court invalidated the Armed Career Criminal Act's (ACCA) so-called residual clause as unconstitutionally vague. 135 S. Ct. at 2563. "The Act increases sentences for offenders who have three previous convictions for violent felonies or serious drug offenses." *United States v. Pawlak*, 822 F.3d 902, 903 (6th Cir. 2016) (citing 18 U.S.C. § 924(e)(1)). The Act defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another; or . . . is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556.

-9-

The holdings of *Johnson* and *Welch* do not apply in any direct and apparent manner to the circumstances of this case, because the Court and the parties did not at any point in the sentencing proceedings cite or refer to any provision of the ACCA, and none of the provisions of that Act had any impact on the calculation of Trotter's sentencing guidelines. Because the Court never considered any provision of the ACCA or any guideline sections related to that statute when it imposed Trotter's sentence, the Supreme Court's rulings concerning the constitutionality of the ACCA or certain provisions of it have no bearing on his sentence.

However, the petitioner was convicted under 18 U.S.C. § 924(c)(3) for brandishing of a firearm during and in relation to a "crime of violence." *See* 18 U.S.C. § 924(c)(3)(B). The so-called "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), which was invalidated by the *Johnson* decision, imposed mandatory minimum sentencing requirements on certain offenses under the facially similar label "violent felony." However, in its recent decision in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the Sixth Circuit addressed a challenge to 18 U.S.C. § 924(c)(3)(B) under the authority of *Johnson*, and, after carefully parsing the language of both provisions in the context of the policy concerns and interpretational maxims that animated the analysis of *Johnson*, the court of appeals held that section 924(c)(3)(B) does not suffer from any constitutional infirmity. "Because § 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in *Johnson*, and because much of *Johnson's* analysis does not apply to § 924(c)(3)(B), [the argument that *Johnson* compels the conclusion that this provision is unconstitutionally vague] is without merit." *Id.* at 375-76; *see also Shuti v. Lynch*, No. 15 3835, 2016 WL 3632539, at *8 (6th Cir. July 7, 2016) (recognizing precedent holding "that 18 U.S.C. § 924(c)'s definition of crime of violence was not unconstitutionally vague") (citation omitted).

-10-

After a preliminary review of the petitioner's motion, the Court finds that the motion and records of the case conclusively show that the prisoner is not entitled to relief under section 2255. Therefore, no response to the motion is necessary because the motion obviously lacks merit.

IV.

The defendant's motion to correct his sentence does not present grounds that allow the Court to grant him the relief he seeks. His motion to vacate his sentence under 28 U.S.C. § 2255 is subject to summary dismissal.

Accordingly, it is **ORDERED** that the defendant's motion to correct the judgment of sentence [dkt. #47] is **DENIED**.

It is further **ORDERED** that the defendant's motion to vacate his sentence [dkt. #50] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  July 28, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 28, 2016.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI