UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANTANEZ TROTTER,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

Case Number 12-20841
Civil Case Number 16-12441
Honorable David M. Lawson

## ORDER TRANSFERRING SECOND OR SUCCESSIVE MOTION TO VACATE SENTENCE TO THE UNITED STATES COURT OF APPEALS

This matter is before the Court on the petitioner's second motion to vacate his sentence under 28 U.S.C. § 2255. The petitioner previously filed a section 2255 motion, which the Court denied. Because the present motion is his second motion filed under section 2255, the Court must transfer the case to the court of appeals to determine whether the petitioner may file a successive motion. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

Petitioner Vantanez Trotter was convicted on his plea of guilty of carjacking, openly brandishing a firearm during a crime of violence, and possession of an illegal controlled substance, in violation of 18 U.S.C. §§ 2119 and 924(c) and 21 U.S.C. § 844(a). He was sentenced on September 9, 2014 to 155 months imprisonment. On October 5, 2015, Trotter filed a motion to correct alleged errors in the judgment and commitment. He argued that the Bureau of Prisons had not credited him for all the time he spent in pretrial detention to which he was entitled. On June 28, 2016, Trotter filed a motion to vacate sentence under 28 U.S.C. § 2255. He argued that the Supreme Court's decision in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), undermined his convictions for carjacking and brandishing a firearm during a crime of violence. The Court denied

both motions and denied a certificate of appealability as to all issues raised in the motion to vacate sentence. On August 18, 2017, Trotter filed a second *pro se* motion to vacate sentence under 28 U.S.C. § 2255.

An individual seeking to file a second or successive motion under section 2255 first must ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a defendant files a second or successive motion to vacate his sentence in the district court without preauthorization from the court of appeals, the district court must transfer the motion papers to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The petitioner cannot proceed with his present motion without first obtaining permission to file a second or successive motion to vacate from the court of appeals. Therefore, the Clerk of Court is ordered to transfer the motion papers to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the Clerk of Court **TRANSFER** the petitioner's motion to vacate sentence [dkt. #58] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Dated:   August 28, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 28, 2017.

                            s/Susan Pinkowski
                            SUSAN PINKOWSKI